ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| PEDRO JUAN LAFEVRE RIVERA<br><br>Recurrido<br><br>v.<br><br>ROBERTO COLÓN SÁNCHEZ Y OTROS<br><br>Peticionario | **TA2025CE00640** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Caguas<br><br>Civil Núm.: CD2025CV00171<br><br>Sobre: Daños y Perjuicios, Difamación y Libelo |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico a 6 de noviembre de 2025.

Comparece ante este foro el Sr. Roberto Colón Sánchez (señor Colón o "el peticionario") mediante recurso de *certiorari* solicitando la revisión de la *Resolución y Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, notificada el 17 de septiembre de 2025. Mediante el referido dictamen, el foro primario declaró *NO HA LUGAR* a la *Moción de Desestimación* instada por el peticionario.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** el *certiorari* de epígrafe.

### I.

Según surge del expediente, el 4 de mayo de 2025, el Sr. Pedro J. Lefevre Rivera (señor Lefevre o "el recurrido") presentó una *Demanda*[1] contra el Sr. Ángel D. Concepción González (señor Concepción o "el Alcalde") y

---

[1] *Demanda,* entrada núm. 1 en el Sistema Unificado de Manejo de Administración de Casos (SUMAC).

TA2025CE00640

el señor Colón, sobre daños y perjuicios, difamación y libelo. El recurrido alegó que trabajó en la campaña a la elección para Alcalde del señor Concepción en el año 2020. En ese mismo año, señaló que el señor Concepción fue electo como Alcalde de la municipalidad de Cidra y él había sido electo Legislador Municipal. Añadió que, dada las facultades y solicitudes del Alcalde, este se convirtió en el principal ejecutivo administrativo del Municipio de Cidra. Expuso que, inducido por temor y preocupación de que él se convirtiera en potencial rival político y/o aspirante a Alcalde de Cidra, el señor Concepción le fabricó un infundado referido en la Oficina de Ética Gubernamental. Señaló que, el referido contenía acusaciones e imputaciones, entre ellas, que utilizaba los vehículos del Municipio en días que no eran laborables. Alegó por consiguiente que fue despedido de su puesto de confianza.

Añadió que, el 26 de mayo de 2023, mientras se encontraba en proceso de ser evaluado como apoderado de una franquicia de la liga de baloncesto superior femenino para el pueblo de Cidra (en adelante, BSNF), recibió una comunicación de parte de Directivos de la BSNF. Planteó que, la misiva indicaba que no iba a ser aprobado como apoderado debido a que el Alcalde había enviado una carta expresando que éste era una persona de "dudosa reputación" y que había cometido ilegalidades y malos manejos de fondos públicos.

De otra parte, el señor Lefevre sostuvo que el 23 de diciembre de 2023, el Alcalde, por conducto del señor Colón, a quien identificó como subordinado administrativo y político del señor Concepción, envió una carta al entonces Secretario del PPD, en la cual

manifestó que el recurrido tenía casos graves en la Oficina de Ética Gubernamental. Arguyó que, dicho documento contenía alegaciones señalando que era corrupto y que le daba dinero a "La Comay" para que hablara negativamente del Municipio de Cidra. Además, que no cumplía con sus obligaciones contractuales.

Por otro lado, el recurrido destacó que el 17 de mayo de 2024, envió una reclamación extrajudicial al Alcalde, a los efectos de reclamarle indemnización e interrumpir términos prescriptivos por las causas de acción de difamación y libelo.

El 25 de julio de 2025, el señor Colón presentó una *Moción de Desestimación*[2] en la que alegó que la causa de acción en su contra estaba prescrita. En lo pertinente, arguyó que los únicos hechos que se le imputaban ocurrieron el 23 de diciembre de 2023. Por ello, manifestó que la alegada reclamación extrajudicial no había sido dirigida a él, sino al señor Concepción. Por lo cual, a la fecha de la presentación de la demanda, ya el término de la acción en su contra había prescrito.

El 29 de julio de 2025, el foro primario notificó una *Orden*, mediante la cual concedió al señor Lefevre el término de 20 días para que replicara a la moción de desestimación del señor Colón.[3]

De igual forma, el 29 de julio de 2025, el señor Concepción presentó una *Moción de Desestimación*.[4]

En la misma fecha, el foro primario notificó una *Orden* concediéndole al recurrido el término de 20 días

---

[2] *Moción de Desestimación,* entrada núm. 15 en SUMAC.
[3] *Orden*, entrada núm. 16 en SUMAC.
[4] *Moción de Desestimación*, entrada núm. 17 en SUMAC.

para que replicara a la moción de desestimación del señor Concepción.[5]

Luego de varias solicitudes de prórrogas, el 3 de septiembre de 2025, el recurrido presentó su *Oposición a Solicitud de Desestimación.*[6] No obstante, dicha moción se circunscribió exclusivamente a impugnar la *Moción de Desestimación*[7] del Alcalde y no atendió ninguno de los planteamientos presentados por el señor Colón.

El 12 de septiembre de 2025, el Tribunal de Primera Instancia, emitió una *Resolución y Orden*[8] en la que determinó *NO HA LUGAR* la desestimación solicitada por el señor Concepción.

El 15 de septiembre de 2025, el peticionario radicó una *Moción Solicitando Aclaración de Resolución y Orden.*[9] Alegó que, que no se había atendido su solicitud de desestimación en la *Resolución* notificada el 12 de septiembre de 2025, dado que el foro *a quo* se limitó a adjudicar la *Moción de Desestimación*[10] presentada por el señor Concepción.

Finalmente, tras evaluar dicha solicitud, el 17 de septiembre de 2025, el foro primario declaró *NO HA LUGAR* a la moción de desestimación del peticionario, en virtud de una *Resolución Interlocutoria*[11] y le concedió el término de treinta (30) días para que contestara la demanda.

---

[5] *Orden*, entrada núm. 18 en SUMAC.
[6] *Oposición a Solicitud de Desestimación,* entrada núm. 23 en SUMAC.
[7] *Moción de Desestimación,* entrada núm. 17 en SUMAC.
[8] *Resolución y Orden,* entrada núm. 27 en SUMAC.
[9] *Moción Solicitando Aclaración de Resolución y Orden,* entrada núm. 29 en SUMAC.
[10] *Moción de Desestimación,* entrada núm. 17 en SUMAC.
[11] *Resolución Interlocutoria,* entrada núm. 30 en SUMAC.

Inconforme, el 17 de octubre de 2025, el Sr. Colón presentó el recurso de *certiorari* que nos ocupa, y formuló los siguientes señalamientos de error:

PRIMER ERROR: El TPI ERRÓ AL DECLARAR NO HA LUGAR LA MOCIÓN DE DESESTIMACIÓN PROMOVIDA POR EL PETICIONARIO TODA VEZ QUE LAS PROPIAS ALEGACIONES DE LA DEMANDA —TOMÁNDOLAS POR CIERTAS E INTERPRETÁNDOLAS DE LA MANERA MÁS FAVORABLE AL RECURRIDO— ESTABLECEN CLARAMENTE QUE LA CAUSA DE ACCIÓN CONTRA EL PETICIONARIO PRESCRIBIÓ.

SEGUNDO ERROR: EL TPI ERRÓ AL DECLARAR NO HA LUGAR LA MOCIÓN DE DESESTIMACIÓN PROMOVIDA POR EL PETICIONARIO TODA VEZ QUE DE LA DEMANDA SE DESPRENDE (1) QUE LA ÚNICA ALEGACIÓN CONTRA EL PETICIONARIO ES QUE ÉSTE SUSCRIBIÓ UNA CARTA EL 23 DE DICIEMBRE DE 2023; (2) QUE LA DEMANDA FUE PRESENTADA EL 4 DE MAYO DE 2025 —TRANSCURRIDO EN EXCESO EL TÉRMINO DE UN AÑO DESDE QUE EL PETICIONARIO ALEGADAMENTE SUSCRIBIÓ DICHA CARTA—; (3) QUE LA ÚNICA ALEGACIÓN SOBRE INTERRUPCIÓN DEL TÉRMINO PRESCRIPTIVO ES RESPECTO A UNA ALEGADA CARTA ENVIADA AL SR. CONCEPCIÓN EL 17 DE MAYO DE 2024; (4) QUE CONFORME A LA NORMA ADOPTADA EN FRAGUADA BONILLA V. HOSP. AUXILIO MUTUO, SUPRA, PARA PRESERVAR SU CAUSA DE ACCIÓN CONTRA CADA ALEGADO COCAUSANTE, EL RECURRIDO DEBÍA INTERRUMPIR LA PRESCRIPCIÓN INDIVIDUALMENTE RESPECTO A CADA UNO DENTRO DEL TÉRMINO DE UN AÑO; Y (5) QUE LA DEMANDA NO CONTIENE ALEGACIÓN ALGUNA SOBRE INTERRUPCIÓN DEL TÉRMINO PRESCRIPTIVO RESPECTO AL PETICIONARIO POR LO QUE LA CAUSA DE ACCIÓN EN SU CONTRA PRESCRIBIÓ.

TERCER ERROR: EL TPI ERRÓ AL DECLARAR NO HA LUGAR LA MOCIÓN DE DESESTIMACIÓN PROMOVIDA POR EL PETICIONARIO, TODA VEZ QUE LA MOCIÓN EN OPOSICIÓN A SOLICITUD DE DESESTIMACIÓN PRESENTADA POR EL RECURRIDO: (1) SE CIRCUNSCRIBIÓ EXPRESA Y EXCLUSIVAMENTE A REBATIR LOS ARGUMENTOS ESBOZADOS POR EL SR. CONCEPCIÓN EN SU MOCIÓN DE DESESTIMACIÓN; (2) NO ATENDIÓ NINGUNO DE LOS ARGUMENTOS ESBOZADOS POR EL PETICIONARIO EN SU MOCIÓN DE DESESTIMACIÓN POR PRESCRIPCIÓN; (3) NO EXPUSO ALEGACIÓN ADICIONAL ALGUNA QUE ENMIENDE O COMPLEMENTE LOS HECHOS PERTINENTES A LOS SEÑALAMIENTOS DE PRESCRIPCIÓN ESBOZADOS POR EL PETICIONARIO; (4) NO ARTICULÓ FUNDAMENTO ALGUNO QUE ESTABLECIERA LA JURISDICCIÓN DEL TPI, A PESAR DE QUE EL PESO DE LA PRUEBA PARA ESTABLECER LA JURISDICCIÓN UNA VEZ LA MISMA ES CUESTIONADA RECAE SOBRE LA PARTE DEMANDANTE AQUÍ RECURRIDO; (5) NO EXPUSO ALEGACIÓN ALGUNA DIRIGIDA A FUNDAMENTAR QUE

TA2025CE00640

LA CAUSA DE ACCIÓN CONTRA EL PETICIONARIO NO ESTUVIERA PRESCRITA; (6) NO ALEGÓ ACTO INTERRUPTIVO ALGUNO —POR EJEMPLO, RECLAMACIÓN EXTRAJUDICIAL DIRIGIDA Y RECIBIDA POR EL PETICIONARIO, EJERCICIO JUDICIAL OPORTUNO O RECONOCIMIENTO DE DEUDA— CAPAZ DE SUSPENDER O REINICIAR EL TÉRMINO; Y (7) DE LAS PROPIAS ALEGACIONES DE LA DEMANDA SE DESPRENDE EL INCUMPLIMIENTO CON EL TÉRMINO PRESCRIPTIVO APLICABLE Y LA AUSENCIA DE BASE FÁCTICA PLAUSIBLE PARA SOSTENER QUE EL RECURRIDO INTERRUMPIÓ DICHO TÉRMINO, AUN INTERPRETANDO LAS ALEGACIONES DE LA MANERA MÁS FAVORABLE AL RECURRIDO. POR ENDE, LA DEMANDA NO SUPERA EL UMBRAL DE PLAUSIBILIDAD EN CUANTO AL PETICIONARIO Y DEBIÓ SER DESESTIMADA AL AMPARO DE LA REGLA 10.2 DE PROCEDIMIENTO CIVIL.

CUARTO ERROR: EL TPI ERRÓ AL DECLARAR NO HA LUGAR LA MOCIÓN DE DESESTIMACIÓN PROMOVIDA POR EL PETICIONARIO TODA VEZ QUE EN NUESTRO ORDENAMIENTO JURÍDICO ES DEBER MINISTERIAL DE TODO TRIBUNAL, CUESTIONADA SU JURISDICCIÓN, EXAMINAR Y EVALUAR CON RIGUROSIDAD EL ASUNTO JURISDICCIONAL, EL CUAL DEBE SER RESUELTO CON PREFERENCIA, DADO QUE ESTO INCIDE DIRECTAMENTE SOBRE EL PODER MISMO PARA ADJUDICAR UNA CONTROVERSIA Y, EN ESTE CASO, SURGE DEL PROPIO EXPEDIENTE QUE LA CAUSA DE ACCIÓN CONTRA EL PETICIONARIO ESTÁ PRESCRITA.

QUINTO ERROR: EL TPI ERRÓ AL DECLARAR NO HA LUGAR LA MOCIÓN DE DESESTIMACIÓN PROMOVIDA POR EL PETICIONARIO SIN EL BENEFICIO DE LA OPOSICIÓN DEL RECURRIDO A DICHA MOCIÓN, EN CONTRAVENCIÓN DE LA ORDEN DEL 29 DE JULIO DE 2025 QUE LE REQUIRIÓ PRESENTAR SU RÉPLICA DENTRO DE 20 DÍAS Y LO DISPUESTO POR LA REGLA 39.2 DE PROCEDIMIENTO CIVIL. MÁXIME CUANDO (1) LA OPOSICIÓN DEL RECURRIDO SE CIRCUNSCRIBIÓ EXCLUSIVAMENTE A IMPUGNAR LA MOCIÓN DE DESESTIMACIÓN DEL CODEMANDADO SR. CONCEPCIÓN Y NO ATENDIÓ LOS PLANTEAMIENTOS PRESCRIPTIVOS ESPECÍFICOS RESPECTO A LA CAUSA DE ACCIÓN CONTRA EL PETICIONARIO; (2) QUE DE LA PROPIA DEMANDA SURGE QUE LA ÚNICA IMPUTACIÓN AL PETICIONARIO ES LA CARTA DEL 23 DE DICIEMBRE DE 2023; (3) QUE NO EXISTE ALEGACIÓN DE INTERRUPCIÓN RESPECTO DE ÉL; (4) QUE CONFORME A LA NORMA ADOPTADA EN FRAGUADA BONILLA V. HOSP. AUXILIO MUTUO, SUPRA, LA INTERRUPCIÓN FRENTE A UN COCAUSANTE NO APROVECHA A OTRO; Y (5) QUE LA DEMANDA SE PRESENTÓ EL 4 DE MAYO DE 2025 —VENCIDO EL TÉRMINO PRESCRIPTIVO DE UN AÑO— POR LO QUE LA ACCIÓN CONTRA EL PETICIONARIO NO SUPERA EL UMBRAL DE PLAUSIBILIDAD Y DEBIÓ SER DESESTIMADA AL AMPARO DE LA REGLA 10.2 DE PROCEDIMIENTO CIVIL.

SEXTO ERROR: EL TPI ERRÓ AL DECLARAR NO HA LUGAR LA MOCIÓN DE DESESTIMACIÓN PROMOVIDA POR EL PETICIONARIO SIN EL BENEFICIO DE LA OPOSICIÓN DEL RECURRIDO A DICHA MOCIÓN —A PESAR DE LA ORDEN DEL 29 DE JULIO DE 2025 QUE LE REQUIRIÓ PRESENTAR SU RÉPLICA DENTRO DE 20 DÍAS— Y, ANTE DICHO INCUMPLIMIENTO, PROCEDÍA QUE EL TPI (1) DIERA POR SOMETIDA SIN OPOSICIÓN LA MOCIÓN DE DESESTIMACIÓN DEL PETICIONARIO; Y (2) LA ADJUDICARA CONFORME A DERECHO. TODO ELLO, TAL Y COMO FUE SOLICITADO POR EL PETICIONARIO EN LA MOCIÓN SOLICITANDO ACLARACIÓN DE RESOLUCIÓN Y ORDEN.

SEPTIMO ERROR: EN LA ALTERNATIVA, EL TPI ERRÓ AL DECLARAR NO HA LUGAR LA MOCIÓN DE DESESTIMACIÓN PROMOVIDA POR EL PETICIONARIO (1) SIN ORDENAR NUEVAMENTE AL RECURRIDO QUE EXPRESARA SU POSICIÓN ESPECÍFICA RESPECTO A LA MOCIÓN DEL PETICIONARIO —SO PENA DE CONCEDER LOS REMEDIOS DISPONIBLES BAJO LA REGLA 39.2 DE PROCEDIMIENTO CIVIL—; (2) SIN ORDENAR AL RECURRIDO A PRESENTAR ALEGACIONES ADICIONALES O PRUEBA PARA FUNDAMENTAR LA JURISDICCIÓN DEL FORO —ES DECIR, QUE PRESENTARA PRUEBA QUE DEMOSTRARA POR PREPONDERANCIA DE LA PRUEBA (1) QUÉ LA CAUSA DE ACCIÓN NO ESTABA PRESCRITA O (2) QUE ESTABLECIERA QUE HABÍA INTERRUMPIDO EL TÉRMINO PRESCRIPTIVO DE SU CAUSA DE ACCIÓN CONTRA EL PETICIONARIO—; Y/O (3) SIN LA CELEBRACIÓN DE UNA VISTA EVIDENCIARIA A LOS EFECTOS DE DIRIMIR EL ASUNTO DE UMBRAL DE LA PRESCRIPCIÓN.

OCTAVO ERROR: EL TPI ERRÓ AL DECLARAR NO HA LUGAR LA MOCIÓN DE DESESTIMACIÓN PROMOVIDA POR EL PETICIONARIO A PESAR DE QUE LA ÚNICA ALEGACIÓN EN SU CONTRA ES QUE SUSCRIBIÓ UNA CARTA EL 23 DE DICIEMBRE DE 2023 Y, SIMULTÁNEAMENTE, EL PROPIO RECURRIDO ADMITIÓ QUE DICHAS EXPRESIONES FUERON REALIZADAS POR EL EXALCALDE Y CODEMANDADO SR. CONCEPCIÓN "POR CONDUCTO DE UN SUBORDINADO", ESTO ES, POR CONDUCTO DEL PETICIONARIO; ADEMÁS, EL RECURRIDO ALEGÓ ESTAR "CONVENCIDO" DE QUE EL PETICIONARIO "ACTUÓ POR INSTRUCCIONES" DEL SR. CONCEPCIÓN. AUN SI, SOLO PARA EFECTOS DE ARGUMENTACIÓN, SE ASUMIERA QUE EL PETICIONARIO FIRMÓ LA CARTA, EL PETICIONARIO ATRIBUYE EL ÁNIMUS DIFAMATORIO Y LA AUTORÍA SUSTANTIVA AL CODEMANDADO SR. CONCEPCIÓN, NO AL PETICIONARIO; POR TANTO, DE LAS PROPIAS ADMISIONES DEL RECURRIDO SE DESPRENDE QUE ESTAMOS ANTE UN SUPUESTO DE AUSENCIA TOTAL DE RESPONSABILIDAD DEL PETICIONARIO POR LO QUE LA DEMANDA EN SU CONTRA NO SUPERA EL UMBRAL DE PLAUSIBILIDAD Y DEBIÓ SER DESESTIMADA AL AMPARO DE LA REGLA 10.2 DE PROCEDIMIENTO CIVIL.

El 20 de octubre de 2025, emitimos una *Resolución*, mediante la cual se le concedió a la parte recurrida un término de quince (15) días a partir de la fecha de la presentación del recurso para oponerse y expresarse sobre los méritos del recurso.

[...]

**II.**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior, *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, 212 DPR 194 (2023). Mediante este recurso, se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023). La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial, *800 Ponce de León Corp. v. AIG,* 205 DPR 163, 174 (2020). La discreción ha sido definida por nuestro Tribunal Supremo como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *800 Ponce de León Corp. v. AIG.*

El examen del *certiorari* no se da en el vacío o en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*. A esos efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita la autoridad del Tribunal de Apelaciones para expedir un recurso de *certiorari* y revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. Cabe resaltar que esta regla limitó los asuntos interlocutorios que el Tribunal de Apelaciones podía revisar por entender que estos podían esperar

hasta la conclusión del caso para ser revisados en apelación. *800 Ponce de León v. AIG*, *supra*. A manera de excepción, se podrá expedir este auto discrecional cuando: (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, (2) en asuntos relacionados a privilegios evidenciarios, (3) en casos de anotaciones de rebeldía, (4) en casos de relaciones de familia, (5) en casos revestidos de interés público o (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia, *800 Ponce de León v. AIG*, supra.

El propósito de esta Regla es evitar la dilación que causaría la revisión judicial de las controversias que podrían esperar a ser planteadas en un recurso de apelación. *Scotiabank de Puerto Rico v. ZAF Corporation,* 202 DPR 478, 486 (2019). Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada*, In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, establece ciertos indicadores a tomar en consideración para evaluar si se debe o no expedir un recurso de *certiorari*. La precitada regla dispone los siguientes criterios:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Íd.*

Distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso. *Pueblo v. Díaz de León,* 176 DPR 913, 918 (2009). En nuestro ordenamiento jurídico impera la norma de que un Tribunal Apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción. *García v. Asociación*, 165 DPR 311, 322 (2005). Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación al foro primario.

### III.

En el caso de autos, el peticionario, en síntesis, alega que erró el foro primario al no desestimar la reclamación instada en su contra, puesto que, se encontraba prescrita. Añadió, que tanto el foro primario como el recurrido ignoraron el asunto de la prescripción y que el señor Lefevre incumplió con la orden del tribunal de replicar su *Moción de Desestimación*.

**TA2025CE00640**

Luego de evaluar recurso de *certiorari*, a la luz de la totalidad del expediente y en consideración a los criterios que emanan de nuestra Regla 40, *supra*, rechazamos ejercer nuestra jurisdicción revisora e intervenir con el criterio del foro primario y el dictamen recurrido. Concluimos que este caso no amerita nuestra intervención en esta etapa.

Nada en el expediente demuestra que el foro recurrido haya actuado con prejuicio, parcialidad, error manifiesto o abuso de su discreción, por lo que, su dictamen nos merece deferencia. Por consiguiente, denegamos la expedición del recurso debido a que no cumple con ninguno de los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra*.

**IV.**

Por los fundamentos antes expuestos, **DENEGAMOS** la expedición del auto de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones